## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) HARVEY ADAMS,** and | ) |
| **(2) CHASTITY ADAMS,** Husband and Wife | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| *versus* | ) Case No.: CIV-18-517-D |
| | ) |
| **(1) ALLSTATE VEHICLE AND** | |
| **PROPERTY INSURANCE COMPANY,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiffs, Harvey Adams and Chastity Adams (hereinafter "Plaintiffs"), and for their causes of action against Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (hereinafter referred to as "ALLSTATE"), hereby states as follows:

## STATEMENT OF FACTS

1.  Plaintiffs have an insurable interest in the property located at 12112 Greenlawn Avenue, Oklahoma City, Oklahoma 73170.

2.  ALLSTATE is a foreign corporation incorporated under the laws of the State of Illinois, and is an insurance company registered to engage in the business of insurance in the State of Oklahoma, which may be served with process through the Oklahoma Insurance Department located at 5 Corporate Plaza, 3625 NW 56th St., Suite 100, Oklahoma City, OK 73112.

3.  Plaintiffs entered into a contract for insurance with ALLSTATE to provide

coverage for their property and contents.  Plaintiffs' insured property is located in Oklahoma City, Cleveland County, Oklahoma.

4.    ALLSTATE issued the House & Home Policy of insurance, Policy 995 339 981 (the "Policy"), to Plaintiffs effective May 16, 2014 with renewals each year thereafter.

5.    ALLSTATE represented to the Plaintiffs that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims.  Plaintiffs relied on said representations.

6.    On or about May 27, 2017, the property insured by Plaintiffs under the subject insurance Policy was severely damaged as a direct result of a windstorm and hail event.

7.    Plaintiffs timely and properly submitted a claim to ALLSTATE for the property damage incurred due to the windstorm and hail event.

8.    ALLSTATE confirmed that the cause of Plaintiffs' property damage claim was due to the windstorm and hail and that the loss was covered under the terms and conditions of the insurance Policy with ALLSTATE. ALLSTATE assigned a claim number of 0490252483 to the covered loss.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

9.    Plaintiffs adopt and incorporate by reference paragraphs 1 through 8 above as if fully plead herein, and for further claims against ALLSTATE alleges as follows:

10.   Plaintiffs entered into a contract for insurance with ALLSTATE to provide coverage for the dwelling, other structures and personal property.

11.   At all times material hereto, the Policy of insurance, Policy No. 995 339 981, was in full force and effect.

12.   Plaintiffs provided timely and proper notice of the claim for property damage resultant from the windstorm and hail.

13.   Plaintiffs have complied with the terms and conditions and all conditions precedent under the Policy of insurance.

14.   As to the windstorm and hail damages that underlie Plaintiffs' claim, ALLSTATE estimated to total cost to restore Plaintiffs to their pre-loss condition (Replacement Cost Value) was $8,358.69 but have only paid approximately Four Thousand One Hundred Forty-Three Dollars and Seventy-One Cents ($4,143.71) in insurance benefits to date for those losses covered by the Policy.  *See* Exhibit 1.

15.   Conversely, Plaintiffs received an estimate from their Oklahoma licensed contractor which was provided to Allstate that confirmed the cost to repair those losses covered by the Policy and restore the Plaintiffs to their pre-loss condition total approximately Fifty Four Thousand Six Hundred Sixty Five dollars and Fifty-Eight Cents ($54,665.58).  *See* Exhibit 2.

16.   By failing to fully indemnify Plaintiffs for losses covered by the Policy, ALLSTATE has breached its contractual obligations under the terms and conditions of the Policy with Plaintiffs by failing to pay Plaintiffs all

benefits owed.

17.   ALLSTATE's conduct is the proximate cause of Plaintiffs' damages.

18.   As a result of ALLSTATE's breach of contract, Plaintiffs have sustained financial losses.

19.   Pursuant to 12 O.S. § 3629(B), Plaintiffs are entitled to attorneys' fees, costs, and statutory interest at the rate of 15% per annum.

20.   As a result of ALLSTATE's breach of contract, Plaintiffs have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

## SECOND CAUSE OF ACTION
## BAD FAITH

21.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 20 above as if fully plead herein, and for further claims against ALLSTATE allege as follows:

22.   ALLSTATE owed a duty to Plaintiffs to deal fairly and act in good faith.

23.   ALLSTATE failed to retain qualified adjusters with construction experience to properly estimate Plaintiffs' loss.

24.   ALLSTATE has implemented business practices, including refusing to pay for certain damages despite knowing the scope of loss requires such repairs, in an effort to maximize its profit and underpay its insureds.

25.   ALLSTATE breached its duty to deal fairly and act in good faith by failing

to timely and properly investigate, evaluate and/or pay the Plaintiffs' claim.

26.     ALLSTATE's obligations to the Plaintiffs arise from both express written terms under the insurance Policy and the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

27.     ALLSTATE's conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiffs and constitutes bad faith.

28.     Despite ALLSTATE's adjuster identifying hail damage to the Plaintiffs' roof, ALLSTATE failed to pay for the direct physical damage caused by the windstorm and hail on the actual roofing system.

29.     ALLSTATE owes for all direct physical damages caused by a peril not otherwise limited or excluded by the express terms of the Policy.

30.     Defendant ignored direct physical damages covered by the Policy for financial gain.

31.     As a direct and proximate result of ALLSTATE's unfair claims handling conduct, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, and wrongfully underpaid.  Said actions resulted in additional profits and a financial premium to ALLSTATE.

32.     ALLSTATE engages in a profit sharing program that provides financial incentives to its employees to underpay and/or deny its insureds' claims.

33.     As a result of ALLSTATE's conduct the Plaintiffs have sustained financial losses and have been damaged in an amount in excess of Seventy-Five

Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

34. The conduct of ALLSTATE was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

35. The amount of punitive damages sought to be recovered is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

36. Plaintiffs further allege ALLSTATE profited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, premises considered, Plaintiffs pray for judgment against Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as follows:

a. Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject Policy of insurance for damage to the dwelling, other structures and personal property caused by the windstorm and hails event on or about May 27, 2017, together with interest on all amounts due;

b. Actual and punitive damages each in an amount in excess of

Seventy-Five Thousand Dollars ($75,000.00);

c.      Disgorgement of the increased financial benefits derived by Defendant as a direct result of Defendant's wrongful or intentional, willful, malicious and/or reckless conduct;

d.      The amount of punitive damages sought to be recovered for Plaintiffs' Bad Faith/Breach of the Common Law Duty of Good Faith and Fair Dealing action is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code; and

e.      Pre-judgment and post-judgment interest, costs, statutory attorneys' fees, and any other relief deemed equitable and just.

Respectfully submitted,

/s Larry E. Bache, Jr.
LARRY E. BACHE, JR.
Florida State Bar No. 91304
MERLIN LAW GROUP
777 S. Harbour Island Boulevard
Suite 950
Tampa, FL 33602
Phone: (813) 229-1000
Fax: (813) 229-3692
lbache@merlinlawgroup.com

*ATTORNEY FOR PLAINTIFFS*

*ATTORNEYS' LIEN CLAIMED*
*JURY TRIAL DEMANDED*