IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HARVEY ADAMS and<br>CHASTITY ADAMS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-18-517-D |
| ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE<br>COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

# **ORDER**

Upon review, the Court finds Plaintiffs' Complaint contains insufficient factual allegations to support the assertion of diversity jurisdiction under 28 U.S.C. § 1332.[1] In the Complaint, Defendant is alleged to be "a foreign corporation incorporated under the laws of the State of Illinois, and is an insurance company registered to engage in the business of insurance in the State of Oklahoma, which may be served with process through the Oklahoma Insurance Department. . . ." *See* Compl., ¶ 2 [Doc. No. 1]. For diversity purposes, a corporation has dual citizenship—the state of incorporation and where its principal place of business is located. *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Here, the

---

[1] The Court has "an independent obligation to determine whether subject matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Complaint contains no information concerning Defendant's principal place of business and, therefore, fails to allege the citizenship of this party as to establish complete diversity of citizenship.

**IT IS THEREFORE ORDERED** that Plaintiffs shall file an amended complaint to allege the existence of diversity jurisdiction within **fourteen (14) days** from the date of this Order.

**IT IS SO ORDERED** this 4th day of June 2018.

*[signature]*

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE